1  SCOTT B. KIDMAN
   *Application Pro Hac Vice Being Sought*
2  BRIAN M. WHEELER
   *Application Pro Hac Vice Being Sought*
3  QUINN EMANUEL URQUHART & SULLIVAN, LLP
4  865 S. Figueroa Street, 10th Floor
   Los Angeles, CA 90017
5  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
6  scottkidman@quinnemanuel.com
7  brianwheeler@quinnemanuel.com

8  PAT LUNDVALL (#3761)
   MEGAN STARICH (#11284)
9  MCDONALD CARANO WILSON LLP
   2300 West Sahara Avenue, Suite 1000
10 Las Vegas, NV 89102
   Telephone: (702) 873-4100
11 Facsimile: (702) 873-9966
12 lundvall@mcdonaldcarano.com
   mstarich@mcdonaldcarano.com
13
   *Attorneys for Defendant eBay Inc.*
14

15

16                        UNITED STATES DISTRICT COURT

17                              DISTRICT OF NEVADA

18

19  TRADEBAY LLC, a Nevada limited liability    CASE NO.  2:11-cv-00702-ECR-PAL
    company,
20                                              **DEFENDANT EBAY INC.'S MOTION TO**
                          Plaintiff,            **DISMISS PLAINTIFF TRADEBAY LLC'S**
21  vs.                                         **AMENDED COMPLAINT**

22  EBAY INC., a Delaware corporation, et al.,

23                        Defendants.

24

25

26

27

28

00170.23502/4190215.11

Defendant eBay Inc. ("eBay") hereby moves the Court for an Order, pursuant to <u>Fed. R. Civ. P.</u> 12(b)(6) and 12(b)(1), dismissing Plaintiff Tradebay LLC's ("Tradebay" or "plaintiff") Amended Complaint on the grounds that the Amended Complaint fails to allege facts sufficient to state a claim upon which relief can be granted for declaratory judgment and that the Court lacks subject matter jurisdiction under the Declaratory Judgment Act and Article III of the United States Constitution.

This Motion is based upon the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, any other matters of which the Court may take judicial notice, the records and files of this Court, and such further evidence and argument as the Court may wish to consider.

RESPECTFULLY SUBMITTED this 28th day of June, 2011.

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By */s/ Scott B. Kidman*
   Scott B. Kidman
   Brian M. Wheeler
   865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
   *Attorneys for Defendant eBay Inc.*


McDONALD CARANO WILSON LLP


By */s/ Pat Lundvall*
   Pat Lundvall
   Megan Starich
   2300 W. Sahara Ave., Suite 1000
   Las Vegas, Nevada 89102
   *Attorneys for Defendant eBay Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

In this action, plaintiff Tradebay LLC seeks a declaratory judgment that any use of the name "Tradebay" (the last four letters of which spell "ebay") as a trademark in connection with an online marketplace for sellers and buyers of goods and services does not infringe or dilute the famous EBAY trademark or otherwise constitute unfair competition.  Jurisdiction under the Declaratory Judgment Act is reserved for cases of actual controversy.  Because the complaint fails to allege facts sufficient to show a real and substantial controversy of sufficient immediacy to warrant declaratory relief, it should be dismissed pursuant to Rule 12(b)(6).

To establish an actual controversy in matters involving trademarks, a declaratory judgment plaintiff must allege facts showing that it has taken specific steps that evidence a concrete intention to use the mark in commerce.  Stripped of mere conclusions and labels—which are entitled to no weight in evaluating the sufficiency of the pleadings—the allegations here show nothing more than a vague and indefinite desire to use the mark at some future date.  Such allegations are insufficient to state a claim for declaratory relief.

Indeed, the trademark application alleged in the complaint is merely an "intent to use" application.  The records of the Patent and Trademark Office—which this Court may take judicial notice of on a motion to dismiss—reveal that in the more than two years since the application was filed, no allegation of use (a prerequisite to registration of the mark) has been filed.  Those records also show that the applicant and purported owner of the mark is an entity named Tradebay, Inc., a Florida corporation, not the named plaintiff here, Tradebay LLC, a Nevada limited liability company.  Allegations regarding the application and eBay's opposition to it in the administrative proceeding before the PTO should therefore be disregarded.  Even if credited, those allegations fail to show that plaintiff has taken the requisite concrete steps to use the mark that would warrant suspending the administrative proceeding regarding registerability of the mark in favor of a civil action in district court on issues of infringement, dilution and unfair competition.

Litigation is time consuming and expensive.  Neither eBay nor the Court should be required to expend the resources necessary to litigate the merits of such claims based on nothing

more than vague and conclusory allegations that fail to show specific and concrete steps to use the mark that might give rise to a controversy of sufficient immediacy and reality to warrant a declaratory judgment.  The complaint should be dismissed.

## Statement of Facts

**The Allegations of the Amended Complaint**.  Plaintiff Tradebay LLC filed an Amended Complaint in this action on June 14, 2011, purporting to allege a claim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.  Amended Complaint filed June 14, 2011, Dkt. No. 11.  Plaintiff alleges that it is "the owner of all right, title and interest in and to the trademark TRADEBAY."  (Amend. Compl. ¶ 3.)   In this regard, plaintiff alleges that on January 6, 2009, it made a written record of its "trademark claim" and "intent to use" the mark by filing a United States trademark application, that the application was approved for publication by the United States Patent and Trademark Office on January 27, 2010, and that the application was published in the Official Gazette of the United States Patent and Trademark Office on March 2, 2010.  (Amend. Compl. ¶¶ 3, 6-7.)

Apart from the filing of an intent to use application—albeit by a different entity, Tradebay, Inc., a Florida corporation, that is not even a party to this action—with the United States Patent and Trademark Office ("PTO") and the PTO's publication of that application for opposition, the only allegations in the Amended Complaint regarding plaintiff's purported use or activities in furtherance of the use of the TRADEBAY mark consist of the following vague and conclusory allegations:

• Plaintiff "*has made and/or intends in the future to make* considerable expenditures to protect its rights in and to" the TRADEBAY mark.  (Amend. Compl. ¶ 4 (emphasis added).)

• Plaintiff  "*is offering and/or intends to offer* computerized online services for the ordering of general merchandise and general commercial goods, providing an internet website portal featuring links to the merchandise and the services of others for retail and bartering purposes, operation of an online marketplace for sellers and buyers of goods and/or services, promoting the goods and services of others via a global information network, exchange services

for the bartering of goods and services for others, and many other related goods and services" under the TRADEBAY mark. (Amend. Compl. ¶ 9 (emphasis added).)

• Plaintiff "*desires to commence and/or expand the volume of use*" of the TRADEBAY mark on "the recited services" of plaintiff's trademark application. (Amend. Compl. ¶ 14 (emphasis added).)

Plaintiff alleges that defendant eBay Inc. "has claimed to be the owner of numerous trademarks and trademark registrations which incorporate the EBAY mark." (Amend. Compl. ¶ 11.) Plaintiff further alleges that eBay has filed an administrative proceeding "to stop" plaintiff's trademark application from "going to registration," has asserted that the TRADEBAY mark is confusingly similar to and infringes and causes dilution of the EBAY mark, and has demanded that plaintiff "cease and desist" from any use of the TRADEBAY mark. (Amend. Compl. ¶¶ 12-13, 15.)

Plaintiff seeks a declaration that it is entitled to use the TRADEBAY mark and other relief, including a declaration that eBay does not possess rights sufficient to permit it to charge or assert that plaintiff "has infringed or dilutes any alleged trademark rights of eBay" or that plaintiff "has violated or will in the future violate" any rights of eBay. (Amend. Compl. ¶ 21(a), (b), (e).) Plaintiff also seeks an injunction enjoining eBay from claiming or charging that plaintiff has infringed eBay's trademark rights, competed unfairly with eBay or has in any other respect violated any of eBay's rights. (Amend. Compl. ¶ 21(h).)

**The Intent to Use Application Filed With the PTO.** Plaintiff alleges that the application filed with the PTO for the TRADEBAY mark was issued U.S. Serial No. 77643875. (Amend. Compl. ¶ 6.) Though plaintiff alleges that it is a limited liability company organized under the laws of Nevada with an office within this district (Amend. Compl. ¶ 3), the application assigned Serial No. 77643875 identifies the applicant and purported owner of the TRADEBAY mark as Tradebay, Inc., a Florida corporation, with an office in Port Charlotte, Florida.[1]

---

[1] See eBay Inc.'s Request for Judicial Notice in Support of eBay's Motion to Dismiss Plaintiff Tradebay, Inc.'s Amended Complaint ("Request for Judicial Notice"), Exh. A.

**Argument**

**I.     TRADEBAY MUST MEET THE HEIGHTENED PLEADING STANDARDS UNDER TWOMBLY AND IQBAL**

In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562 (2007), the Supreme Court "retired" the formulation of the Rule 8 pleading standard set forth in Conley v. Gibson, 355 U.S. 41, 47 (1957). It is no longer the case that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 546 (quoting Conley v. Gibson, 355 U.S. at 45-46). Rather, to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S. Ct. at 1949 (internal quotations and citations omitted).

Rule 8 demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (citations omitted).  The purpose of the rule is "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (ellipsis in original) (quoting Conley v. Gibson, 355 U.S. at 47).  Thus, a pleading that offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," or one that sets forth "'naked assertions' devoid of 'further factual enhancement,'" will not pass muster under this standard. Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

The Supreme Court has adopted a two-step approach to determine whether a complaint complies with Rule 8. See Iqbal, 129 S. Ct. at 1950.  First, the court must identify mere legal conclusions within the complaint and disregard them because they are "not entitled to be assumed true." Id. at 1949-51.  Second, the court is to take the remaining well-pleaded and non-conclusory

factual allegations (the "nub" of the complaint) and determine whether those allegations, standing alone, suffice to state a plausible claim for relief.  Id.

Applying this approach to Amended Complaint, it is clear that Tradebay's claim for declaratory relief fails to satisfy the requirements of Rule 8 and should be dismissed pursuant to Rule 12(b)(6).

## II. TRADEBAY HAS NOT PLEADED SUFFICIENT FACTS TO STATE A CLAIM FOR DECLARATORY RELIEF

### A. The Declaratory Judgment Act Requires A Case Of Actual Controversy

It is well established that in order to state a claim for declaratory relief under the Declaratory Judgment Act there must be "a case of actual controversy."  28 U.S.C. § 2201; see also Societe de Conditionnement en Aluminum v. Hunter Eng'g Co., Inc., 655 F.2d 938, 942 (9th Cir. 1981); Hunt v. State Farm Mut. Auto. Ins. Co., 655 F. Supp. 284, 286 (D. Nev. 1987) ("Unless an actual controversy exists, the Court is without power to grant declaratory relief.") (internal citations omitted).  For a case of actual controversy to exist, the dispute must be "definite and concrete" and "real and substantial."  MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937)).  "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  Id.  (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).  The party seeking declaratory relief bears the burden of proving that a case of actual controversy and thus declaratory judgment jurisdiction exists.  See McCauley v. Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").[2]

---

[2]  The "case of actual controversy" requirement under the Declaratory Judgment Act is the same as the "case or controversy" requirement under Article III of the United States Constitution.  See MedImmune, 549 U.S. at 127; Societe de Conditionnement en Aluminum, 655 F.2d at 942.  Like the requirements of Article III, this threshold requirement must be met "so the court does not render an impermissible advisory opinion."  Photothera, Inc. v. Oron, 2007 WL 4259181, at *3
     (footnote continued)

The Federal Circuit has developed a two-prong test to determine whether there is a case of actual controversy in declaratory judgment suits involving trademarks.  Under this approach, the declaratory judgment plaintiff must both have a "real and reasonable apprehension" of litigation and it must have engaged in a course of conduct that has brought it into "adversarial conflict" with the declaratory judgment defendant.  Windsurfing Int'l Inc. v. AMF Inc., 828 F.2d 755 (Fed. Cir. 1987).  The second prong—which is the focus of the present motion—examines the sufficiency of the activities and steps taken by the declaratory judgment plaintiff with respect to the trademark at issue.  Id. at 757.  It is designed to protect against situations where the court would be called upon to give an impermissible advisory opinion for the benefit of a plaintiff who comes to the court saying "We would like to use the mark, but before we do, we want a court to say we may do so safely."  Id. at 758.

As the Second Circuit articulated, the requisite "course of conduct" under the Federal Circuit's second prong is conduct evidencing a "definite intent and apparent ability to commence use of the marks on the product."  Starter Corp. v. Converse, Inc., 84 F.3d 592, 595-596 (2d Cir. 1996).  There must be evidence of a "meaningful preparation" to use the mark—a vague or indefinite desire to use the mark will not suffice.  The plaintiff must take concrete, tangible steps that are "specific and evidence a concrete intention to use its [marks]."  Id. at 596-97 (finding sufficient steps had been taken where declaratory judgment plaintiff had "invested a significant amount of time and money in this project; designed styles and prepared prototype shoes; conducted a consumer survey; made strategic decisions regarding who should manufacture the shoes; hired an external licensing agent; and attempted to find a manufacturing partner.").  See also G. Heileman Brewing Co. v. Anheuser-Busch, Inc., 873 F.2d 985 (7th Cir. 1989) (declaratory

---

(S.D. Cal. Dec. 4, 2007) (granting defendant's motion to dismiss declaratory judgment claim) (citing Flast v. Cohen, 392 U.S. 83, 95-96 (1968)); see also Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (role of federal courts is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary by Article III of the Constitution.").

1  judgment plaintiff must have a "definite intent and apparent ability to commence use" of the
2  mark).

3    Absent factual allegations showing the requisite concrete steps, there is no "real and
4  substantial" controversy "of sufficient immediacy and reality" to warrant the issuance of a
5  declaratory judgment.  <u>See</u>, <u>e.g.</u>, <u>Virgin Enters. Ltd. v. Virgin Cuts Inc.</u>, 53 U.S.P.Q.2d 1026, 1999
6  WL 33316066 (E.D. Va. Nov. 24, 1999) (a company fails the second prong of the test when that
7  company has rendered no services under the mark, has no assets and no ability to enter into
8  business in the near future);  <u>accord</u> <u>Gator.com Corp. v. L.L. Bean, Inc.</u>, 398 F.3d 1125, 1129 (9th
9  Cir. 2005) (en banc) ("the requisite case or controversy is absent where a plaintiff no longer
10 wishes—or is no longer able—to engage in the activity concerning which it is seeking declaratory
11 relief."); <u>c.f.</u> <u>Polaroid Corp. v. Berkey Photo, Inc.</u>, 425 F. Supp. 605, 607 (D. Del. 1976) (where
12 there is no current infringing activity, and no charge of infringement of the trademark, but only the
13 "ever ready vigilance" of Polaroid Corp. to protect its trademarks, there is no "actual controversy"
14 deserving of declaratory judgment jurisdiction).  As shown below, the Court should dismiss
15 Tradebay's Amended Complaint because it does not allege facts showing an actual controversy.

16   **B.** **<u>TRADEBAY FAILS TO ALLEGE FACTS SHOWING A CASE OF</u>**
17        **<u>ACTUAL CONTROVERSY</u>**
18        **1.** **<u>Tradebay's conclusory and formulaic allegations are entitled to no</u>**
19            **<u>weight</u>**

20    Plaintiff's Amended Complaint is devoid of any facts showing that it has taken specific
21 steps evidencing a concrete intention to use the TRADEBAY mark.  Instead, plaintiff's boilerplate
22 allegations state only that it "has made *and/or* intends in the future to make considerable
23 expenditures to protect its rights" in the mark, that it "is offering *and/or* intends to offer" services
24 under the mark, and that it "desires to commence *and/or* expand the volume of use" of the mark.
25 (Amend. Compl. ¶¶ 4, 9, 14 (emphasis added).)  These are precisely the kinds of "labels and
26 conclusion" and "naked assertions" that do not pass muster under the standard articulated by the
27 Supreme Court in <u>Twombly</u> and <u>Iqbal</u>.  Stripped of these formulaic and conclusory allegations, the
28 Amended Complaint fails to allege a course of conduct by plaintiff which gives rise to "'a

1  substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a
2  declaratory judgment.'"  MedImmune, 549 U.S. at 127 (quoting Md. Cas. Co., 312 U.S. at 273).
3       Tradebay's allegations regarding the filing of an intent to use application with the PTO
4  should be given no weight at all.  The intent to use application alleged in the Amended Complaint
5  identifies the applicant and purported owner of the Tradebay mark as Tradebay, Inc., ***a Florida***
6  ***corporation***, but the Amended Complaint alleges that the plaintiff here is Tradebay LLC, ***a***
7  ***Nevada limited liability company***.[3]  Accordingly, any allegations regarding the application filed
8  with the PTO and eBay's response to that application should be disregarded for purposes of
9  evaluating whether plaintiff has alleged sufficient facts to state a claim for declaratory judgment.
10       Similarly, Tradebay's allegation that it "is in reasonable apprehension of litigation" is
11  nothing more than a mere "label" or "conclusion" and thus is entitled to no weight.  This allegation
12  and related allegations regarding eBay's response to Tradebay's purported intent to use application
13  in the administrative proceeding in the PTO (Amend. Compl. ¶¶ 12-16) are not sufficient to save
14  the Amended Complaint in any event.  None of these allegations have anything to with Tradebay's
15  course of conduct with respect to the mark and whether Tradebay has taken specific concrete steps
16  to use the mark.  Standing alone they do not warrant supplanting the administrative proceeding in
17  the PTO regarding the registerability of the mark with a district court action for declaratory
18  judgment as to issues of infringement, dilution and unfair competition.  See, e.g., Progressive
19  Apparel Group v. Anheuser-Busch, Inc., 38 U.S.P.Q.2d 1057, 1996 WL 50227, at *4 (S.D.N.Y.
20  Feb. 8, 1996) (dismissing declaratory judgment complaint against defendant who filed opposition
21  in PTO to plaintiff's application and sent letter to plaintiff saying that "confusion is inevitable"
22  between the marks: "The present dispute concerns only the registration of a trademark. There is no
23  threat of an infringement suit . . . and there is no reasonable basis on which to conclude that this
24  dispute will eventually develop into an infringement suit").

---

[3]  Compare Request for Judicial Notice, Exh. A with Amended Complaint, ¶ 3.

### 2. Tradebay fails to allege facts showing a plausible claim for relief

Even if Tradebay's conclusory allegations are credited as factual allegations—as opposed to mere labels and conclusions entitled to no weight—under Twombly and Iqbal's construction of Rule 8, they stop well short of "the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S. Ct. at 1949 (internal quotations omitted). Plausibility requires that the well-pleaded facts "possess enough heft to show that the pleader is entitled to relief." Twombly, 550 U.S. at 545 (internal quotations omitted). Facts that are merely "consistent with" an entitlement to relief are insufficient. Id.; see also Iqbal, 129 S. Ct. at 1951. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

Here, Tradebay's allegations lack the "heft" to show that it is entitled to declaratory relief. Each of the relevant allegations is conspicuously couched in an "and/or" formulation. These vague allegations fail to give eBay "fair notice" of "the grounds upon which" the claim for declaratory relief rests. Has Tradebay made considerable expenditures to protect its rights in the mark (whatever that may mean) or does it simply intend to so at some point in the future? Is Tradebay using the mark or does it simply have some vague desire to do so at some later date? For this reason alone, dismissal is warranted. Twombly, 550 U.S. at 555.

Furthermore, common sense makes plain that if plaintiff had "made" considerable expenditures to protect its rights in the mark or was "offering" services under the mark, it would have specific facts to support those allegations and there were would be no need for the deliberately vague "and/or" allegations. Even the trademark application alleged in the Amended Complaint—to the extent those allegations are entitled to any weight at all—is merely an "intent to use application" filed under 15 U.S.C. §1051(b).[4] In the almost two and a half years since that application was filed, no allegation of use—a prerequisite to registering the mark—has been filed

---

[4] Request for Judicial Notice, Exh. A.

1  with the PTO.[5]  This omission further indicates that plaintiff (or some other Tradebay entity not
2  named in the complaint) has no facts of actual use to allege.
3          Tradebay's threadbare allegations of an intent or desire to use the mark are insufficient to
4  state a plausible claim for declaratory relief.  See, e.g., Geisha, LLC v. Tuccillo, 525 F. Supp. 2d
5  1002 (N.D. Ill. 2007) (denying plaintiff's motion for summary judgment on its claim for a
6  declaration of infringement where defendant was only making vague and desultory movements
7  towards use of a mark such that any conflict between the parties was still uncertain and the
8  defendant's "allegedly infringing future activity lacks sufficient immediacy and reality"); Benitec
9  Austl., Ltd. v. Nucleonics, Inc., 495 F.3d 1340 (Fed. Cir. 2007) (No declaratory judgment
10 jurisdiction existed because the parties agreed that the activities were not infringing and could not
11 become infringing unless and until the party filed a new drug application with the FDA some
12 years in the future. "The fact that Nucleonics may file an NDA in a few years does not provide the
13 immediacy and reality required for a declaratory judgment."); Mueller Co., Mueller Int'l v. U.S.
14 Pipe and Foundry Co., 71 U.S.P.Q.2d 1849, 2004 WL 102491, at *4 (D.N.H. Jan. 22, 2004)
15 (declaratory judgment plaintiff did not allege any "concrete steps" toward producing the accused
16 product and its claim was dismissed on the pleadings. "U.S. Pipe has failed to allege facts
17 sufficient to show conduct on its part evincing a definite intent and apparent ability to use the
18 redesigned hydrant."); Polaroid Corp. v. Berkey Photo, Inc., 425 F. Supp. 605 (D. Del. 1976)
19 (mere allegation that distributor contemplates and needs to use the term generically held to "fall
20 far short of allegations of a substantial dispute between the parties").

21 **III.    THE APPROPRIATE REMEDY IS DISMISSAL**
22          The Supreme Court has explained that the practical significance of requiring more than
23 threadbare allegations in a complaint is to provide judicial protection from the needless infliction
24 of the "expenditure of time and money by the parties and the court."  Twombly, 550 U.S. at 557-
25 58 (citations omitted).  A complaint must therefore allege something more than a "mere
26 possibility" of harm, thereby preventing a plaintiff with a "largely groundless claim" from

---

[5]  Request for Judicial Notice, Exh. B.

"tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value."  Id. (quoting Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)).  Courts enforcing Rule 12(b)(6) curtail this risk by weeding out complaints that fail to give rise to a plausible inference of harm to the plaintiff.  Neither eBay nor the Court should be required to expend the resources necessary to litigate the merits of claims of trademark infringement and dilution and unfair competition based on nothing more than vague and conclusory allegations that fail to evince the specific and concrete steps to use the mark that might give rise to a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  Dismissal is the appropriate remedy here.

## Conclusion

For the foregoing reasons, the Court should grant eBay's motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) and 12(b)(1).

RESPECTFULLY SUBMITTED this 28th day of June, 2011.

By */s/ Scott B. Kidman*
SCOTT B. KIDMAN
BRIAN M. WHEELER
Applications Pro Hac Vice Being Sought
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

By */s/ Pat Lundvall*
PAT LUNDVALL
MEGAN STARICH
Applications Pro Hac Vice Being Sought
MCDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102

*Attorneys for Defendant eBay Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of McDonald Carano Wilson LLP and on the 28th day of June, 2011, I electronically filed the forgoing DEFENDANT EBAY INC.'S MOTION TO DISMISS PLAINTIFF TRADEBAY LLC'S AMENDED COMPLAINT with the Clerk of the Court using the ECF System, which will cause a copy of the foregoing to be delivered by the U.S. District Court CM/ECF to the following:

>Corey M. Eschweiler
>Adam D. Smith
>4795 South Durango Drive
>Las Vegas, NV 89147

                    /s/ Arlene P. Hallmark
                    An Employee of McDonald Carano Wilson LLP