Corey M. Eschweiler, Esq.
Nevada Bar No. 6635
Adam D. Smith, Esq.
Nevada Bar No. 9690
GLEN J. LERNER & ASSOCIATES
4795 South Durango Drive
Las Vegas, Nevada 89147
Telephone: (702) 877-1500
Facsimile: (702) 933-7043
E-mail: ceschweiler@glenlerner.com
       asmith@glenlerner.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRADEBAY LLC, a Nevada limited liability company,<br><br>      Plaintiff,<br>vs.<br><br>EBAY, INC., a Delaware corporation,; DOES I - X, and ROE CORPORATIONS I - X, inclusive,<br><br>      Defendants. | CASE NO.: 2:11-cv-00702-ECR-PAL<br><br>**OPPOSITION TO DEFENDANT EBAY INC.'S MOTION TO DISMISS PLAINTIFF TRADEBAY LLC'S AMENDED COMPLAINT** |

Plaintiff Tradebay LLC ("Tradebay") hereby files its opposition to Defendant eBay Inc.'s ("eBay") Motion to Dismiss Tradebay LLC's Amended Complaint ("Motion"). This Opposition is based upon the following memorandum of points and authorities, all of the pleadings and papers on file in this action, and any oral argument allowed by the Court.

GLEN J. LERNER & ASSOCIATES


By: /s/ Adam D. Smith
   Corey M. Eschweiler, Esq.
   Nevada Bar No. 6635
   Adam D. Smith, Esq.
   Nevada Bar No. 9690
   GLEN J. LERNER & ASSOCIATES
   4795 South Durango Drive
   Las Vegas, Nevada 89147

Attorneys for Plaintiff

. . .

. . .

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In this declaratory relief action, eBay asks the Court to dismiss Tradebay's claims based solely on a rule expressly rejected by the Ninth Circuit and the United States Supreme Court. Specifically, eBay fails in its obligation to direct the Court to binding precedent, choosing, instead, to rely upon an outdated standard employed by the Federal Circuit. The Ninth Circuit has consistently rejected that standard since it was announced, recently explaining the Federal Circuit standard requires far more than the Ninth Circuit standard. The Supreme Court made a similar finding in a case cited by eBay, but, not surprisingly, eBay fails to mention this in its Motion. eBay's reliance on an overruled standard requires denial of eBay's Motion.

More particularly, eBay relies on a two-part test employed by the Federal Circuit. By eBay's own admission, it only alleges Tradebay fails the second prong of the test. That second prong, however, is exactly what the Ninth Circuit disclaims, explaining only the first prong is applicable in this Circuit. The first prong requires only that Tradebay have reasonable apprehension of litigation. It can be satisfied, as it is in this case, by the defendant's claims of infringement or threats of suit. The letters attached to this Opposition and referenced in the First Amended Complaint, from eBay to Tradebay's counsel, unequivocally demonstrate eBay's claims of trademark infringement and threats of future action. On almost identical facts, the Ninth Circuit has held Tradebay has plead a sufficient case or controversy to allow a Declaratory Judgment action to proceed.

eBay also incorrectly states the standard this Court must follow in considering dismissal. Contrary to eBay's arguments, this Court is not bound by the allegedly heightened standards identified in *Twombly* and *Iqbal* (although those cases expressly state they are not heightening the notice pleading standards). Instead, eBay's Motion is properly considered pursuant to Fed. R. Civ. P. 12(b)(1), not 12(b)(6). In other words, in response, Tradebay must only prove this Court has jurisdiction to entertain this dispute, and is entitled to present evidence to prove jurisdiction. Tradebay has met its burden.

. . .

eBay's misdirection notwithstanding, this Court is bound to follow the decisions of the Ninth Circuit and the United States Supreme Court. Those decisions have made clear Tradebay's allegations are sufficient to survive a subject matter jurisdiction challenge. As such, eBay's Motion must be denied.

## II.  FACTUAL SUMMARY

eBay's Motion fails to direct the Court to both relevant facts and controlling law. With respect to factual deficiencies, eBay's Motion is noticeably absent any discussion of eBay's threats of infringement action or eBay's challenge to Tradebay's mark. As detailed below, eBay sent its first threatening letter less than a month after Tradebay filed its first trademark application, and those threats continue to this day. Simply put, the Tradebay mark has been hotly contested by eBay, and any claims to the contrary are disingenuous, at best.

### A.  Tradebay applies for the mark and eBay immediately threatens infringement action.

Tradebay, Inc. was incorporated as a Florida corporation on August 25, 2008. Articles of Incorporation, attached hereto as Exhibit 1. On January 6, 2009, Tradebay filed its initial application with the United States Patent and Trademark Office ("USPTO"), requesting approval of its Tradebay mark. Amended Complaint, on file with this Court at Docket 11, ¶ 6. On January 30, 2009, eBay's counsel sent a cease and desist letter to Tradebay's counsel. *See* January 30, 2009, letter from Bobby Ghajar to Jennifer Whitelaw, attached hereto as Exhibit 2-A; Amended Complaint at ¶ 12-13. Despite eBay's present claims that no actual case or controversy exists, eBay's letter was titled, "Tradebay, Inc.'s Infringement and Dilution of eBay's Trademark Rights." Exhibit 2-A. In the letter, eBay's counsel claims Tradebay's actions constitute "trademark infringement," and "dilute the distinctiveness of the famous EBAY mark, in violation of the Federal Trademark Dilution Revision Act of 2006 and state anti-dilution laws." *Id.* eBay demanded that Tradebay

> (1) cease all use of the "Tradebay" mark (and any variations of that name), including use in connection with the domain name, or otherwise; (2) cease all use of any other name or mark incorporating the suffix BAY in connection with online marketplace or any ecommerce services, or any mark incorporating the mark EBAY; (3) immediately remove all content from the trade-bay.net website and

refrain from selling, using, (including, but not limited to, profiting from), or otherwise transferring the trade-bay.net domain name registration; (4) expressly abandon your applications for TRADEBAY (Serial No. 77643875) and TRADEBAY HTTP://WWW.TRADE-BAY.NET WHY NOT TRADE TODAY? And Design (Serial No. 77526777);[1] and (5) refrain from taking any action in the future that infringes or dilutes eBay's intellectual property rights.

*Id.* According to eBay, if Tradebay would "fully and promptly respond and cooperate with eBay's demands, eBay would be willing to forego further action." *Id.* eBay, then, stated that absent "full and prompt cooperation, [eBay's counsel] will take whatever actions eBay deems necessary to protect its rights." *Id.*

After a telephone call between counsel, Tradebay received a second letter on February 3, 2009. *See* February 3, 2009, letter from Bobby Ghajar to Jennifer Whitelaw, attached hereto as Exhibit 2-B. That letter was, again, titled "Tradebay, Inc.'s Infringement and Dilution of eBay's Trademark Rights." *Id.* eBay also made similar claims that Tradebay's use of its mark "constitutes trademark infringement," and is "likely to dilute the distinctiveness of the famous EBAY mark, in violation of the Federal Trademark Dilution Revision Act of 2006 and state anti-dilution laws." *Id.* eBay, then, made similar demands as it previously made:

> (1) cease all use of the "Tradebay" mark (and any variations of that name); (2) confirm that it does not own any corresponding domain name; (3) cease all use of any other name or mark comprised of a generic term plus the suffix BAY in connection with online marketplace or any ecommerce services – or any mark incorporating the mark EBAY; (4) expressly abandon its application for the mark TRADEBAY (Serial No. 77643875) and change its corporate name; and (5) refrain from taking any action in the future that infringes or dilutes eBay's intellectual property rights.

*Id.* eBay's counsel, again, threatened to "take whatever actions eBay deems necessary to protect its rights." *Id.*

**B.   In contrast to eBay's claims of an invalid mark, the USPTO granted Tradebay's application.**

Despite eBay's threats, Tradebay continued with its USPTO application and its mark was approved for publication by the USPTO on January 27, 2010. Amended Complaint at ¶ 3. Tradebay's application was published March 2, 2010. *Id.* at ¶ 7. eBay filed an Opposition with the

---

[1] Had eBay properly reviewed the applications, it would have noted that the trade-bay.net mark had been submitted by a different applicant one year earlier, and is not affiliated with Plaintiff Tradebay.

USPTO on April 1, 2010. *See* Opposition docket, attached hereto as Exhibit 3-A. The USPTO has not made a final decision on the Opposition, and has stayed its decision pending the outcome of this action. *Id.*

### C. Tradebay LLC is the holder of the mark through a conversion from Tradebay, Inc.

On March 23, 2011, Tradebay filed Articles of Conversion with the Nevada Secretary of State, seeking to convert to a Nevada limited liability company, Tradebay LLC. Articles of Conversion, attached hereto as Exhibit 4. Tradebay, Inc. was converted to Tradebay LLC on March 30, 2011, and, as such, is the holder of all of Tradebay, Inc.'s assets, including the Tradebay mark. *Id.*

### III.   LEGAL ARGUMENT

### A.   Procedural Standard.

Although eBay engages in a lengthy discussion of the Fed. R. Civ. P. 12(b)(6), the appropriate standard to determine jurisdiction is Fed. R. Civ. P. 12(b)(1). *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1157 n. 3 (9th Cir. 2007). Specifically, motions claiming the plaintiff has "not satisfied the jurisdictional 'case or controversy' requirement…in this circuit may be brought 'only under 12(b)(1).'" *Id.* (quoting *Bland v. Fessler*, 88 F.3d 729, 732 n. 4 (9th Cir. 1996)). In other words, the discussion of *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, while overstating the holdings of those decisions, is immaterial. Here, Tradebay must only prove this Court has subject matter jurisdiction to adjudicate the "case or controversy" alleged by Tradebay. *Rhoades*, 504 F.3d at 1157 n. 3 (defendant's "motion to dismiss was grounded entirely in the argument that [plaintiff] had not satisfied the jurisdictional 'case or controversy' requirement, and such motions in this circuit may be brought 'only under 12(b)(1)'"). "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983).

. . .

. . .

**B.     eBay asks the Court to apply a test that has never been precedent in the Ninth Circuit.**

eBay's entire Motion is based upon the Federal Circuit's "two-prong test to determine whether there is a case of actual controversy in declaratory judgment suits involving trademarks." Motion at p. 7, lns. 1-2.  According to eBay, "[u]nder this approach, the declaratory judgment plaintiff must both have a 'real and reasonable apprehension' of litigation and it must have engaged in a course of conduct that has been brought into 'adversarial conflict' with the declaratory judgment defendant." *Id.* at p. 7, lns. 2-5.  eBay concedes the first prong has been met and admits the "second prong…is the focus of the present motion." *Id.* at p. 7, ln. 6.  This admission is fatal to eBay's Motion.  This, because the Ninth Circuit only considers the first prong.

The Ninth Circuit first articulated its standard for determining whether a case or controversy exists in the patent context in 1981.  *Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc.*, 655 F.2d 938 (9th Cir. 1981).  As the Ninth Circuit stated, "[a]n action for a declaratory judgment that a patent is invalid, or that the plaintiff is not infringing, is a case or controversy if the plaintiff has a real and reasonable apprehension that he will be subject to liability if he continues to manufacture his product." *Id.* at 944.  The Ninth Circuit expressly rejected any proposed standard that "an actual threat of litigation must be made," stating that the "Constitution has a much lower threshold than this standard would suggest." *Id.*  In other words, the Ninth Circuit only considers the first prong eBay admits has been satisfied.

**C.     The same test applies to trademarks.**

Less than a year later, the Ninth Circuit applied the same test to trademarks.  *Chesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393 (9th Cir. 1982).  In that case, Chesebrough filed a trademark application for the term "Match" to sell "a line of men's toiletries and cosmetics." *Id.* at 395.  Shortly thereafter, Faberge purchased the already established "Macho" trademark for "men's toiletries and cosmetics." *Id.*  Faberge, then, sent a cease and desist letter to Chesebrough, "stating that it believed the two marks to be 'confusingly similar,' and that unless Chesebrough withdrew its application, Faberge would file opposition thereto." *Id.*  Chesebrough refused, and Faberge filed its opposition with the USPTO. *Id.*  After the opposition was filed, Chesebrough stopped working towards using the mark in commerce. *Id.* at 397.

6

While the challenge was pending with the USPTO, Chesebrough filed an action "in the district court seeking a declaratory judgment that the use of 'Match' would not infringe upon Faberge's rights in 'Macho.'" *Id.* at 395. The District Court granted summary judgment and an injunction for Chesebrough. *Id.* "Faberge appealed on the basis that the case does not present a justiciable controversy," the same argument eBay makes here. *Id.*

The Ninth Circuit, initially, reaffirmed its prior ruling that the only standard is whether "'the plaintiff has a real and reasonable apprehension that he will be subject to liability.'" *Id.* at 396 (quoting *Societe*, 655 F.2d at 944). The Ninth Circuit explained its reasoning as follows:

> The practical effect of the attenuated opposition proceeding before the Patent and Trademark Office was to allow expanded marketing of the "Macho" line, while chilling Chesebrough's efforts to market "Match" products. The threat that the action would move from the Patent and Trademark Office to the district court apparently was real enough to dissuade Chesebrough from further use of its mark, although it had made substantial investments in development and preliminary advertising of the line. Furthermore, a decision of the Patent and Trademark Office allowing the registration of Chesebrough's trademark would not preclude a subsequent infringement action or be determinative of the issues involved. *Carter-Wallace, Inc. v. Procter & Gamble Co.*, 434 F.2d 794, 802 (9th Cir. 1970). *See also Driving Force, Inc. v. Manpower, Inc.*, 498 F.Supp. 21, 25-26 (E.D.Pa. 1980). Failure of this court to resolve the dispute would force Chesebrough to choose between continuing to forego competition in this quickly expanding market, and entering the market, risking substantial future damages and harm to relationships with its customers and retailers.

*Id.* at 397. The Court, then, "conclude[d] that although there was no actual threat by Faberge that it would sue Chesebrough for trademark infringement, Chesebrough had a real and reasonable apprehension that such action would be taken," and upheld the District Court's ruling that "this case presented an actual controversy. *Id.*

**D. The Ninth Circuit expressly continues to uphold its standards.**

More recently, in 2007, the Ninth Circuit expressly upheld these standards. Specifically, in *Rhoades*, *supra*, the Ninth Circuit, again, analyzed the standard for an actual controversy to exist in a trademark action, and expressly considered the Federal Circuit standard eBay asks this Court to consider. 504 F.3d at 1154. The Ninth Circuit, first, explained "Plaintiffs were not required to wait for the completion of the TTAB proceedings before seeking declaratory relief in federal court." *Id.* at 1154. In other words, Tradebay is well within its rights to bring this action while eBay's

7

opposition is pending with the USPTO, just as Chesebrough was within its rights to bring a similar action.

Next, the Ninth Circuit considered its standard, again concluding "'[a]n action for declaratory judgment that a patent or trademark is invalid, or that the plaintiff is not infringing, presents a case or controversy if the plaintiff has a real and reasonable apprehension that he will be subject to liability if he continues to manufacture his product.'" *Id.* at 1157 (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555-56 (9th Cir. 1990)). In reiterating its standard, the Ninth Circuit expressly considered, and rejected, the Federal Circuit standard eBay advances. "To the extent that both parties rely on the Federal Circuit's articulation of this test, which requires an 'explicit threat or other action by the patentee or trademark owner,' *see Fina Research, S.A. v. Baroid, Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 1998), that reliance is misplaced, as that burden is heavier than what we require." *Id.* at 1157 n. 4. In its conclusion, the Ninth Circuit followed *Chesebrough* and upheld subject matter jurisdiction based upon challenges filed with the USPTO and allegations of infringement by the defendant. Importantly, the Ninth Circuit rejected the second prong of the Federal Circuit test – the only prong eBay relies upon.

     **E.**    **The United States Supreme Court has also rejected the Federal Circuit standard.**

Notably, eBay cannot claim ignorance of the rejection of the Federal Circuit standard as the United States Supreme Court, in a case cited by eBay, has also overruled this analysis. Specifically, during the same year the Ninth Circuit decided *Rhoades*, the United States Supreme Court also considered the applicability of the Federal Circuit standard. *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S.Ct. 764 (2007). In that case, Genentech demanded Medimmune pay royalties for the manufacture of a drug Genentech claimed infringed on one of its patents. *Id.* Medimmune paid the royalties under protest, and brought a court action seeking a declaration that it was not violating the patent and not responsible to pay royalties. *Id.* Genentech moved to dismiss, claiming Medimmune could not meet the Federal Circuit standard because the payment of royalties precluded a finding of an actual case or controversy. *Id.* The District Court dismissed the case based upon the Federal Circuit test, and the Federal Circuit affirmed. *Id.*

The Supreme Court disagreed. *Id.* The Court found it entirely unreasonable to force infringement before making a ruling. *Id.* "The dilemma posed by that coercion – putting the challenger to the choice between abandoning his rights or risking prosecution – is a 'dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate.'" *Medimmune*, 549 U.S. at 129, 127 S.Ct. at 773 (quoting *Abbot Laboratories v. Gardner*, 387 U.S. 136, 152, 87 S.Ct. 1507 (1967)). Ultimately, the Supreme Court held the Federal Circuit's test "conflicts" with Supreme Court precedent. *Medimmune*, 549 U.S. at 132 n. 11, 127 S.Ct. at 774 n. 11. As the Court noted, "[t]he rule that a plaintiff must destroy a large building, bet the farm, or (as here) risk treble damages and the loss of 80 percent of its business before seeking a declaration of its actively contested legal rights finds no support in Article III." *Medimmune*, 549 U.S. at 134, 127 S.Ct. at 775. This case is no different.

**F.   The Federal Circuit has also recognized the rejection of its standard.**

In addition to citing Supreme Court precedent overruling the Federal Circuit standard on which eBay relies, eBay cites Federal Circuit caselaw recognizing the standard has been rejected by the Supreme Court. Specifically, eBay relies upon *Benitec Australia, Ltd. V. Nucleonics, Inc.* to support its allegation that Tradebay has not alleged sufficient facts to support a claim for declaratory relief. 495 F.3d 1340 (Fed. Cir. 2007). In that case, Benitec sued Nucleonics for infringement of Benitec's patent relating to "RNA-based disease therapy." *Id.* at 1341. Nucleonics filed a declaratory relief counterclaim seeking to invalidate the patent on various grounds. *Id.* Nucleonics subsequently engaged in discovery that would most likely have led to invalidation of the patent. *Id.* As a result, Benitec moved to dismiss its own complaint for infringement. *Id.* at 1343. The District Court granted that motion and dismissed Nucleonics' counterclaim for declaratory relief because there was no longer a dispute regarding whether Nucleonics could engage in the allegedly infringing activity. *Id.*

After the Federal Circuit held oral argument, the Supreme Court entered its decision in *Medimmune*. *Id.* The Federal Circuit requested additional briefing. *Id.* Ultimately, the Federal Circuit found the Supreme Court expressed "disapproval" of the Federal Circuit standard, and implemented a new standard. *Id.* Under that standard, the Federal Circuit found, at the time the

declaratory relief action was filed, jurisdiction was proper. *Id.* at 1345. Only once Benitec dropped its challenge and agreed not to sue Nucleonics for infringement did the Court find jurisdiction no longer existed. *Id.* That decision has no bearing on this action where eBay has never retracted its threats to sue. More importantly, however, *Benitec* demonstrates eBay relies upon a standard it knows was rejected by the Supreme Court. eBay cannot claim ignorance its standard was overturned as it cites both the Supreme Court case rejecting it and a Federal Circuit case recognizing that rejection. Simply put, eBay has not properly addressed the law governing its Motion, and the Motion must be denied.[2]

### G. This action presents an "actual controversy."

Even if eBay had cited controlling precedent, Tradebay's complaint presents an "actual controversy" within the meaning of the caselaw. Specifically, almost immediately after Tradebay filed its trademark application, eBay sent a cease and desist letter. If Tradebay refused eBay's demands, eBay threatened to "take whatever actions eBay deems necessary to protect its rights." Exhibit 2-A. eBay reaffirmed the identical threat a few days later. Exhibit 2-B. Once Tradebay's application was accepted for publication, eBay opposed it in the USPTO. Exhibit 3-A. These facts are nearly identical to *Chesebrough*. In both cases, the defendant sent a cease and desist letter almost immediately after an application was filed. Both letters claimed trademark infringement and further action, although neither expressly mentioned litigation. Both defendants, then, filed oppositions with the USPTO, and both plaintiffs moved for declaratory relief while the oppositions were pending. At the same time, both plaintiffs were unable to enter the market while both defendants were able to further strengthen their brands. Based upon those identical facts, the Ninth Circuit upheld jurisdiction over Chesebrough's declaratory relief action. The same decision must be made here.

Moreover, the facts plead by Tradebay certainly meet the Ninth Circuit standard that Tradebay have a "real and reasonable apprehension that [it] will be subject to liability if [it]

---

[2] eBay may address controlling law in a reply. This is an improper litigation tactic intended to ambush Tradebay. eBay's failure to cite controlling law in its Motion requires denial.

continues to manufacture [its] product."[3] *Rhoades*, *supra*, 504 F.3d at 1157. As the Ninth Circuit has noted, "failure of this court to resolve the dispute would force [Tradebay] to choose between continuing to forego competition in this quickly expanding market, and entering the market, risking substantial future damages and harm to relationships with its customers and retailers." *Chesebrough*, *supra*, 666 F.2d at 397. The Supreme Court has expressed the same standard: the choice between abandoning [Tradebay's] rights or risking prosecution – is a 'dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate.'" *Medimmune*, *supra*, 549 U.S. at 129, 127 S.Ct. at 773 (quoting *Abbot Laboratories v. Gardner*, 387 U.S. 136, 152, 87 S.Ct. 1507 (1967)). Tradebay cannot be forced to choose between proceeding with its launch and risking infringement, or never entering the market. In fact, this appears to be the intent of eBay's cease and desist letters – to avoid competition. As the Ninth Circuit and the Supreme Court have held, Tradebay is not required to sit idly by while eBay reaps rewards from a lucrative market. It cannot stifle competition in the name of trademark law. Instead, this Court must quickly determine whether Tradebay's mark infringes on eBay's mark so the parties may proceed with piece of mind.

**H.     eBay is well aware of the steps Tradebay has taken to secure the mark.**

eBay's Motion insinuates Tradebay has taken no steps towards using the mark, and pretends the parties have had no communication. Neither is true. As demonstrated by Exhibit 3-A, the parties have spent much time and effort before the USPTO arguing over the mark. This is akin to the three years Chesebrough spent fighting for its mark before seeking declaratory relief. *Chesebrough*, 666 F.2d at 395. Also, like Chesebrough, Tradebay does not need to be actively using the mark to sue for declaratory relief. Instead, eBay's threats, intended to chill Tradebay's use, are sufficient to demonstrate an actual case or controversy.

eBay also ignores those threats and all of the parties' communications, although some are detailed in the complaint. Importantly, Tradebay includes specific allegations regarding eBay's threats and claims of infringement. Although eBay may choose to ignore its prior conduct, the Court cannot.

---

[3] It is possible this test is even more stringent than the Supreme Court standard, but, at a minimum, Tradebay meets the more stringent Ninth Circuit Standard.

**I.     eBay's citation to cases involving the same mark is misleading.**

The specific Federal Circuit cases chosen by eBay are also misleading. In particular, eBay cites cases involving use of the same mark, as opposed to cases involving allegedly similar marks. In other words, eBay's citations involve a plaintiff asking the Court to approve use of an identical mark based upon alleged genericness. In those cases, the plaintiff asks the Court to approve use of the defendant's mark, without the plaintiff taking any actual steps to use that mark. This situation is wholly different from allegations that a plaintiff's mark, obtained in a lengthy USPTO process, is similar to a defendant's mark.

*Windsurfing Int'l, Inc. v. AMF Inc.*, is a representative example of the differences. 828 F.2d 755 (Fed. Cir. 1987). In that case, AMF sought an opinion from the Court that it could use Windsurfing's "windsurfer" mark, based upon an allegation that the mark had become generic. *Id.* AMF intentionally did not use the mark and took no steps towards using it. *Id.* In other words, AMF simply sought an advisory opinion regarding Windsurfing's mark. While the United States Supreme Court has rejected the standard employed in that action, even the facts are easily distinguished.

Here, Tradebay has already taken action, beginning with the filing of its application. Tradebay has, since, engaged in a lengthy battle with eBay, steps the Ninth Circuit has found sufficient to meet the case or controversy requirement. Unlike AMF, Tradebay is not simply asking the Court if it can use eBay's mark, it is asking the Court if it can use its own mark. eBay's factually dissimilar cases from the Federal Circuit are not only non-binding and based upon overturned precedent, they are not even instructive on their facts.

**J.     eBay's allegation that Tradebay does not have rights in the mark is a red herring.**

Throughout its Motion, eBay alleges Tradebay LLC is not the holder of the mark. This argument is most likely intended to distract from eBay's incorrect statements of the law and facts. Under Florida law, where Tradebay, Inc. was incorprated, and under Nevada law, where Tradebay LLC was formed, the resulting entity in a conversion is, for all purposes, the "same entity" as the initial entity and owns all of its assets.

Specifically, a Florida corporation that has been converted into a foreign limited liability company "is for <u>all purposes the same entity</u> that existed before the conversion." Fla. Stat. § 607.1114(1) (emphasis added). "The title to all . . . property, or any interest therein, owned by the [Florida] corporation at the time of its conversion into the [foreign LLC] remains vested in the converted entity without reversion or impairment by operation of this chapter." *Id*. at subs. (2). "Any claim existing or action or proceeding pending by or against any [Florida] corporation that is converted into [a foreign LLC] may be continued as if the conversion did not occur." *Id*. at subs. (4).

Nevada law is no different. "The conversion is a continuation of the existence of the constituent entity." NRS 92A.250(3)(b). "The title to all real estate and other property owned by the constituent entity is vested in the resulting entity without reversion or impairment." *Id*. at subs. (3)(c).

Tradebay Inc., the registrant of the Tradebay mark, was lawfully converted from a Florida corporation to a Nevada limited liability company by filing a Florida Conversion with the Florida Secretary of State and a Nevada Conversion with the Nevada Secretary of State. *See* Exhibit 4. The Secretaries of State of Nevada and Florida recognize the lawful conversion of Tradebay Inc. to Tradebay LLC. *Id.* Accordingly, Tradebay LLC is the "same entity" as, and a "continuation of the existence of," Tradebay Inc. Fla. Stat. § 607.1114(1); NRS 92A.250(3)(b). All property and claims owned by Tradebay Inc. at the time of the conversion, including the Tradebay Trademark and its claim for declaratory judgment in this action, continue in the name of Tradebay LLC. eBay's improper attempt to detract from the real issues must be disregarded.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

## IV.   CONCLUSION

For the foregoing reasons, eBay's Motion must be denied.

GLEN J. LERNER & ASSOCIATES


By: /s/ Adam D. Smith
    Corey M. Eschweiler, Esq.
    Nevada Bar No. 6635
    Adam D. Smith, Esq.
    Nevada Bar No. 9690
    GLEN J. LERNER & ASSOCIATES
    4795 South Durango Drive
    Las Vegas, Nevada 89147

Attorneys for Plaintiff