SCOTT B. KIDMAN
*Admitted Pro Hac Vice*
BRIAN M. WHEELER
*Admitted Pro Hac Vice*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
scottkidman@quinnemanuel.com
brianwheeler@quinnemanuel.com

PAT LUNDVALL (#3761)
MEGAN STARICH (#11284)
MCDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
lundvall@mcdonaldcarano.com
mstarich@mcdonaldcarano.com

*Attorneys for Defendant eBay Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRADEBAY LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>EBAY INC., a Delaware corporation, et al.,<br><br>Defendants. | CASE NO.   2:11-cv-00702-ECR-PAL<br><br>**DEFENDANT EBAY INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF TRADEBAY LLC'S AMENDED COMPLAINT** |

**Preliminary Statement**

Tradebay stakes its entire opposition on a misstatement of the law—that the Supreme Court, the Ninth Circuit and the Federal Circuit have all "rejected" any requirement that it take concrete steps to actually use its purported trademark in order to obtain a declaratory judgment of non-infringement.  In fact, none of them have.  To the contrary, the Ninth Circuit has specifically stated (in the patent context) that "when the plaintiff has not yet begun to manufacture, or make preparations to manufacture, the patented product[,] . . . the plaintiff is asking the court to render an advisory opinion whether its product would be infringing a valid patent if the plaintiff . . . actually proceeds to the manufacturing stage."  Societe de Conditionnement en Aluminium v. Hunter Eng'n Co., 655 F.2d 938, 944 (9th Cir. 1981).  This principle has been re-affirmed by the Federal Circuit in decisions since the Supreme Court's opinion in MedImmune, which makes clear that the question in each case is whether the facts alleged, under all of the circumstances, show that there is a substantial controversy of "sufficient immediacy and reality" to warrant the issuance of a declaratory judgment.

Tradebay makes no attempt to show that it has alleged, let alone actually undertaken, any concrete steps to actually use the TRADEBAY mark in connection with any goods or services. At best, Tradebay has alleged nothing more than a vague and indefinite desire to use the TRADEBAY mark at some future date.  That does not come close to showing a real and immediate controversy.  Tradebay's utter failure to allege the requisite concrete steps can only lead to the conclusion that it has not engaged in any such activity.  Under these circumstances, it would be a waste of the Court's (and eBay's) time and resources to render what would amount to an impermissible advisory opinion as to whether activities Tradebay may or may not undertake in the future would infringe or dilute eBay's trademarks.

Unable to point to any facts showing concrete steps to use the mark in issue, Tradebay seeks to avoid any scrutiny of the allegations of the complaint under the Twombly and Iqbal standards, arguing that subject matter jurisdiction is governed by Rule 12(b)(1), not Rule 12(b)(6). This argument misses the mark.  At the pleading stage, the issue is whether the allegations of the complaint allege sufficient facts to state a claim for declaratory relief. Tradebay's amended

1  complaint clearly does not.   To the extent Tradebay invites the Court to go beyond the pleadings
2  and consider evidence of concrete steps, Tradebay has presented none.   In either event,
3  Tradebay's amended complaint should be dismissed.

**Argument**

**I.     THERE IS NO REAL AND SUBSTANTIAL CONTROVERSY ABSENT CONCRETE STEPS BY TRADEBAY TO USE THE MARK**

   **A.     The Ninth Circuit Has Not Rejected Consideration Of The Steps Undertaken By The Plaintiff To Use The Mark**

Tradebay makes no attempt to show that it has alleged anything other than a vague and indefinite desire to use the TRADEBAY mark at some future date.   Instead, Tradebay argues that it need not allege facts showing concrete steps to use the mark because the Ninth Circuit has "expressly rejected" any such requirement.   (Opp'n at 2.)   Tradebay misstates Ninth Circuit law. In <u>Societe de Conditionnement en Aluminium v. Hunter Eng'n Co.</u>, 655 F.2d 938 (9th Cir. 1981), the parties agreed that "an actual threat of litigation must be made" to satisfy the "case of actual controversy" requirement and the district court applied that standard in dismissing the complaint for declaratory relief.   The Ninth Circuit rejected the "actual threat of litigation" standard, stating that "the Constitution has a much lower threshold than this standard would suggest." <u>Id.</u> at 942.

eBay's motion to dismiss is not premised on whether there was an "actual threat of litigation."   Rather, as its moving papers make clear, eBay's motion focuses on Tradebay's failure to allege any concrete steps to use the TRADEBAY mark in commerce.   Nowhere in its opinion in <u>Societe de Conditionnement en Aluminium</u> did the Ninth Circuit reject, as Tradebay claims, consideration of the steps taken by the declaratory judgment plaintiff to use the patented article or trademark at issue as part of the case or controversy analysis.   To the contrary, the court specifically addressed the significance of the activities undertaken by the declaratory judgment plaintiff in determining whether a controversy that is "real and substantial" and "definite and concrete" exists. <u>Id.</u> at 943 (quoting <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227, 240-41 (1937)).   Thus, in language that Tradebay fails to address in its opposition, the Ninth Circuit stated:

> In a case like the one before us, in which the plaintiff is engaged in the on-going manufacture of the alleged patented item, the showing of a real and reasonable apprehension beyond the manufacture of the item need not be substantial.   The more acute case or controversy problem in the patent area arises **when the plaintiff has not yet begun to manufacture,** *or make preparations to manufacture*, **the patented product. In that situation,** *the plaintiff is asking the court to render an advisory opinion whether its product would be infringing* **a valid patent if the plaintiff Hunter actually proceeds to the manufacturing stage**."

Id. at 944 (emphasis added).

This analysis is no different than the two-prong approach employed by the Federal Circuit in Windsurfing Int'l Inc. v. AMF Inc., 828 F.2d 755 (Fed. Cir. 1987), where the court rejected a declaratory judgment plaintiff's effort to obtain a ruling on whether it could use the term "windsurfer" in the future.   The court characterized the request as "We would like to use the mark, but before we do, we want the court to say we may do so safely," and held that the plaintiff was merely seeking "an advisory opinion, something a federal court may not give."   Id. at 758. That the Ninth Circuit did not speak in terms of a two-prong test is immaterial.   "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."   Societe de Conditionnement en Aluminium, 655 F.2d at 942 (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. at 273).   The Ninth Circuit has made clear that the steps taken by the declaratory judgment plaintiff with respect to the patented article or trademark at issue is an integral part of the analysis.

Nothing in Chesebrough-Pond's, Inc. v. Faberge, Inc., 666 F.2d 393 (9th Cir. 1982), suggests otherwise.   In Chesebrough, the declaratory judgment plaintiff, like Tradebay here, sought a declaration of non-infringement.   Unlike Tradebay, which fails to allege any concrete steps to actually use the mark at issue, the declaratory judgment plaintiff in Chesebrough had "begun developing the product line, investigating marketing and creating packaging and advertising." Id. at 395.   In fact, the court noted that the plaintiff's initial investment in

1  development of the product line was approximately $650,000, which, when adjusted for inflation,
2  is more than $2.7 million in 2011 dollars.[1]  Id.   Against this backdrop, the court considered
3  whether the acts and intentions of the defendant created a "real and reasonable" apprehension of
4  litigation even though there was no actual threat by defendant that it would sue.   The court held
5  that they did, noting that, among other things, defendant responded to the complaint for
6  declaratory relief with a counterclaim seeking damages for trademark infringement, which
7  bolstered plaintiff's claim that an actual controversy existed.   Id. at 396-97.   Nowhere did the
8  court suggest that the declaratory judgment plaintiff's activities with respect to use of the mark are
9  immaterial to the analysis, let alone reject the above-quoted language from Societe de
10 Conditionnement en Aluminium which makes clear that such activities may in fact form the
11 dividing line between a case of actual controversy and an impermissible advisory opinion.
12      Likewise, Tradebay's claim that the Ninth Circuit, in Rhoades v. Avon Prods., Inc., 504
13 F.3d 1151 (9th Cir. 2007), "rejected the second prong of the Federal Circuit test" is simply false.
14 In Rhoades, it was undisputed that the declaratory judgment plaintiff actually distributed products
15 using the trademarks at issue.  Id. at 1155.   Accordingly, the focus of the analysis was whether
16 the defendants actions created a real and reasonable apprehension of suit.   In this regard, the court
17 stated that "an action for a declaratory judgment that a patent or trademark is invalid, or that the
18 plaintiff is not infringing presents a case or controversy if the plaintiff has a real and reasonable
19 apprehension that he will be subject to liability *if he continues to manufacture his product."*  Id.
20 at 1157 (quoting Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555-56
21 (9th Cir. 1990) (internal alterations omitted) (emphasis added)).   The only test rejected by the
22 court was the one that required an "actual threat" of litigation.   Id. at 1157, n.4 ("To the extent
23 both parties rely on the Federal Circuit's articulation of this test, which requires an 'explicit threat
24 or other action by the patentee or trademark owner . . . that reliance is misplaced, as that burden is
25 heavier than we require.") (internal citations and alterations omitted).   On that point, the court

---

[1]  According to the U.S. Bureau of Labor Statistics inflation calculator, $650,000 in 1975 has the same buying power as $2,727,124.54 in 2011.   See http://data.bls.gov/cgi-bin/cpicalc.pl?cost1=650000&year1=1975&year2=2011.

1  merely re-affirmed its prior holding in Societe de Conditionnement en Aluminium, the same case
2  in which the Ninth Circuit stated that "when the plaintiff has not yet begun to manufacture, or
3  make preparations to manufacture, the patented product[,] . . . the plaintiff is asking the court to
4  render an advisory opinion."   655 F.2d at 944.

5  Far from rejecting any consideration of the steps taken by the declaratory judgment
6  plaintiff to use the trademark in issue, controlling Ninth Circuit authority is entirely consistent
7  with the requirement that such plaintiffs allege facts showing concrete steps to use the mark in
8  order to state a claim for declaratory relief.

9  **B.  The Supreme Court Has Not Rejected Consideration Of The Steps**
10 **Undertaken By The Plaintiff To Use The Mark**

11  Tradebay also claims that in MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007),
12  the Supreme Court "expressly rejected" any consideration of the declaratory judgment plaintiff's
13  steps to use patented article or trademark at issue as part of the case or controversy analysis.   Not
14  so.

15  In MedImmune, the declaratory judgment plaintiff was actively engaged in the
16  manufacture and sale of the product at issue and paid royalties to the defendant under a patent
17  licensing agreement.   Plaintiff disputed that its product, which accounted for more than 80
18  percent of its revenues, was covered by the patent licensing agreement, but paid the royalties
19  "under protest" and filed a lawsuit seeking a declaration that the patent was invalid and not
20  infringed.   Id. at 120-22.   The district court granted defendant's motion to dismiss the declaratory
21  judgment claim for lack of subject matter jurisdiction, relying on the Federal Circuit's decision in
22  Gen-Probe Inc. v. Vysis, Inc., 359 F.3d 1376 (Fed. Cir. 2004), which held that a patent licensee in
23  good standing cannot establish an Article III case or controversy with regard to the validity,
24  enforceability, or scope of the patent because the license agreement "obliterate[d] any reasonable
25  apprehension" that the licensee would be sued for infringement.   MedImmune, 549 U.S. at 122
26  (quoting Gen-Probe, 359 F.3d at 1381).   In other words, plaintiff's performance under the
27  licensing agreement eliminated any "reasonable apprehension" that it would be sued for
28  infringement.   The Federal Circuit affirmed the district court, also relying on Gen-Probe.

1    The Supreme Court reversed, holding the declaratory judgment plaintiff was "not required, insofar as Article III is concerned, to break or terminate its 1997 license agreement before seeking a declaratory judgment in federal court that the underlying patent is invalid, unenforceable, or not infringed."  MedImmune, 549 U.S. at 137.   The Court noted that the Federal Circuit's application of the "reasonable-apprehension-of-suit" test conflicted with its decision in Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941), which stated that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  MedImmune, 549 U.S. at 127, 132 n.11.

Thus, while the Court rejected rigid application of the "reasonable-apprehension-of-suit" test to defeat the case or controversy requirement on the facts before it, it did not reject consideration of the declaratory judgment plaintiff's activities with respect to use of the potentially infringing item in determining whether "under all the circumstances" a controversy that is "definite and concrete" and "real and substantial" exists.   Nor did the Court call into question the Ninth Circuit's statement that "when the plaintiff has not yet begun to manufacture, or make preparations to manufacture, the patented product[,] . . . the plaintiff is asking the court to render an advisory opinion."  Societe de Conditionnement en Aluminium, 655 F.2d at 944.

**C.    The Federal Circuit Has Not Rejected Consideration Of The Steps Undertaken By The Plaintiff To Use The Mark**

Again conflating the reasonable apprehension of suit test with an examination of whether the declaratory judgment plaintiff has taken concrete steps to use the mark at issue, Tradebay argues—incorrectly—that, after MedImmune, the Federal Circuit rejected the "standard on which eBay relies."  (Opp'n at 9.)   In Benitec Australia, Ltd. v. Nucleonics, Inc., 495 F.3d 1340 (Fed. Cir. 2007), the case on which Tradebay relies for this proposition, the court stated:

> Prior to MedImmune, our case law required that there be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent

1  to conduct such activity.   However, the Supreme Court's opinion in MedImmune
2  represents a rejection of our reasonable apprehension of suit test.
3  Id. at 1343-44.   (Internal citations omitted.)
4  Nothing in this statement suggests a conclusion by the Federal Circuit that the steps a
5  declaratory judgment plaintiff has made towards using a trademark should not be considered in
6  determining whether there is a justiciable case or controversy.   Indeed, in Benitec Australia, Ltd.,
7  the court went on to examine the declaratory judgment plaintiff's activities and, in upholding
8  dismissal of the declaratory judgment complaint, held that the plaintiff "failed to show that it's
9  future plans meet the immediacy and reality requirement of MedImmune necessary to support a
10 judiciable controversy."   Id. at 1349.   The court noted that plaintiff's "only steps toward
11 potentially-infringing animal research are discussions with an unnamed potential customer and
12 execution of an undescribed confidentiality agreement.   [Plaintiff] merely 'expects' to begin work
13 'shortly.'"   Id.   However, "to allow such a scant showing to provoke a declaratory judgment suit
14 would be to allow nearly anyone who so desired to challenge a patent."   Id.   The court
15 concluded:
16    We also recognized that Nucleonics wishes to receive the benefit of a ruling on the
17    validity and scope of Benitec's patent now, while Nucleonics undertakes nascent
18    animal work.   There is currently, however, no "substantial controversy, [between
19    Benitec and Nucleonics], of sufficient immediacy and reality to warrant issuance of
20    a declaratory judgment." And there may never be.
21 Id. (quoting MedImmune, 549 U.S. at 127).   See also PRASCO, LLC v. Medicis Pharm. Corp.,
22 537 F.3d 1329, 1336 (Fed. Cir. 2008) (recognizing that although MedImmune rejected reasonable
23 apprehension of suit as the *sole* test, its two-pronged inquiry remains relevant under the "all the
24 circumstances" standard); Cat Tech LLC v. TubeMaster, Inc., 528 F.3d 871, 879-80 (Fed. Cir.
25 2008) (post-MedImmune decision holding that "the issue of whether there has been meaningful
26 preparation to conduct potentially infringing activity remains an important element in the totality
27 of circumstances which must be considered in determining whether a declaratory judgment is
28 appropriate" and finding there was a justiciable controversy in large part because the declaratory

1 judgment plaintiff had "taken significant, concrete steps" where it had designed, developed, and
2 made all preparations to begin production of customized devices that potentially infringed a patent
3 and had already successfully manufactured and delivered a similar accused device).

### D. Tradebay Fails To Distinguish The Cases Cited By eBay

Tradebay fails to even mention, let alone address, the clear language from the Ninth Circuit that when the declaratory judgment plaintiff "has not yet begun to manufacture, or make preparations to manufacture, the patented product[,] . . . the plaintiff is asking the court to render an advisory opinion whether its product would be infringing a valid patent if the plaintiff . . . actually proceeds to the manufacturing stage."  Societe de Conditionnement en Aluminium, 655 F.2d at 944.  Nor does Tradebay distinguish the numerous other cases cited by eBay that stand for this same proposition.  In fact, Tradebay concedes that in Windsurfing Int'l, Inc. v. AMF Inc., 828 F.2d 755 (Fed. Cir. 1987), the plaintiff "did not use the mark and took no steps toward using it" and thus "simply sought an advisory opinion regarding [its] mark."  (Opp'n at 12.)

Tradebay attempts to distinguish Windsurfing and the other cases cited by eBay by arguing that the plaintiff in those cases sought a declaration approving use of an "identical mark" on the ground that the defendant's mark was generic and therefore not protectable, while here Tradebay seeks a declaration that its mark is not confusingly similar to eBay's trademarks and therefore does not infringe.[2]  As a preliminary matter, it is simply not true that the plaintiffs in the cases cited by eBay all sought declarations that the defendant's mark was not protectable as opposed to declarations that the plaintiff's mark did not infringe.[3]  Furthermore, if anything, the need for

---

[2] Tradebay improperly suggests that it has obtained a registration for the TRADEBAY mark from the United States Patent and Trademark Office ("PTO").  (Opp'n at 12) ("This situation is wholly different from allegations that a plaintiff's mark, obtained in a lengthy USPTO process, is similar to defendant's mark.").  In fact, the PTO merely published Tradebay's intent to use application for opposition.  See eBay Inc.'s Request for Judicial Notice, filed June 28, 2011 (Docket No. 13), Ex. B.

[3] See, e.g., Starter Corp. v. Converse, Inc., 84 F.3d 592, 594 (2d Cir. 1996) (plaintiff sought declaratory judgment that use of its marks on athletic footwear did not create a likelihood of confusion with defendant's marks); Gator.com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1127-28 (9th Cir. 2005) (plaintiff sought declaratory judgment that its pop-up advertising software did "not infringe or dilute" defendant's trademarks because plaintiff had discontinued the accused conduct and the parties had informally resolved the dispute); Progressive Apparel Group, Inc. v. Anheuser-

1  actual concrete steps by the plaintiff to use the mark in commerce is even more critical where, as
2  here, the plaintiff seeks a declaration that its mark is not confusingly similar to the defendant's
3  mark.   That is because it is a well established principle of trademark law that the issue of
4  likelihood of confusion cannot be decided in the abstract.   "The test for likelihood of confusion
5  does not focus on similarity of competing marks in the abstract.   Rather the test evaluates
6  objective evidence that the competing marks, when used in the marketplace, are likely to confuse
7  the purchasing public about the source of the products."   Kenner Parker Toys Inc. v. Rose Art
8  Indus., Inc., 963 F.2d 350, 352 (Fed. Cir. 1992).   See also Louis Vuitton Malletier v. Burlington
9  Coat Factory Corp., 426 F.3d 532, 538 (2d Cir. 2005) (noting that a court must "analyze the
10 similarities of the products in light of the way in which the marks are actually displayed in their
11 purchasing context."); Sykes Lab., Inc. v. Kalvin, 610 F. Supp. 849, 860 (C.D. Cal. 1985) ("In
12 making the legal determination regarding confusion, the court must evaluate the marks *not in the*
13 *abstract* but rather 'in light of the way the marks are encountered in the marketplace and the
14 circumstances surrounding the purchase' of the products involved.") (quoting Lindy Pen Co. v. Bic
15 Pen Corp., 725 F.2d 1240, 1245 (9th Cir. 1984)) (emphasis added).

       Tradebay's attempt to distinguish a long line of cases that compel dismissal of its
complaint for lack of subject matter jurisdiction is both factually wrong and legally without
support.

## II.   TRADEBAY HAS NOT ALLEGED OR OTHERWISE COME FORWARD WITH EVIDENCE OF ANY CONCRETE STEPS TO USE THE MARK

       Tradebay does not seriously contend that it has alleged, much less actually undertaken, any
concrete steps to use the TRADEBAY mark that would create a "substantial controversy, between
parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance

---

Busch, Inc., 38 U.S.P.Q.2d 1057, 1996 WL 50227 (S.D.N.Y. Feb. 8, 1996) (plaintiff sought declaratory judgment that use of its mark in connection with a line of sportswear was not "infringing the trademark rights of [the] defendant" where each party had filed a competing application with the USPTO); Mueller Co. v. U.S. Pipe and Foundry Co., 71 U.S.P.Q.2d 1849, 2004 WL 102491 (D.N.H. Jan. 22, 2004) (fire hydrant manufacturer sought declaratory judgment that its fire hydrant design did "not infringe any of the plaintiffs' 'trade dress or other rights'" in a similar hydrant design.

1  of a declaratory judgment." MedImmune, 549 U.S. at 127. The only thing Tradebay points to is
2  the filing of an *intent to use* application with the PTO more than two and a half years ago and the
3  subsequent administrative proceeding before the Trademark Trial and Board ("TTAB") regarding
4  the registerability of the mark.[4] Tellingly, Tradebay is unable to identify any concrete steps to
5  actually use the mark either prior to or in the years since filing the intent to use application.[5]
6  Thus, this case is not, as Tradebay contends, like Chesebrough where the declaratory judgment
7  plaintiff had "begun developing the product line, investigating marketing and creating packaging
8  and advertising." 666 F.2d at 395. Tradebay argues that its "lengthy battle" with eBay with
9  respect to Tradebay's intent to use application constitute "steps the Ninth Circuit has found
10 sufficient to meet the case or controversy requirement." (Opp'n at 12.) Here again, Tradebay
11 conflates reasonable apprehension of suit with concrete steps to use the mark at issue. Similarly,
12 Tradebay claims that the "facts" it has pleaded "certainly meet the Ninth Circuit standard that
13 Tradebay have a 'real and reasonable apprehension that it will be subject to liability *if [it]*
14 *continues to manufacture its product.*'" (Opp'n at 10-11) (emphasis added). Of course, this
15 overlooks a critical component of the Ninth Circuit standard—Tradebay cannot "continue" to
16 manufacture products using the TRADEBAY mark because it has never manufactured products or
17 offered goods and services using the mark in the first place.
18     Any dispute regarding Tradebay's intent to use application is properly resolved by the
19 TTAB. It would be a waste of the Court's (and eBay's) resources and constitutionally improper to
20 render what amounts to "an opinion advising what the law would be upon a hypothetical state of
21 facts" (MedImmune, 562 U.S. at 127) regarding potential future use of Tradebay's purported mark,

---

[4] It is undisputed that Tradebay LLC, the plaintiff in this lawsuit, is a different entity than Tradebay Inc., the applicant for the TRADEBAY mark. Nonetheless, Tradebay accuses eBay of improperly attempting to "distract from the real issues" because Tradebay Inc., a Florida Corporation, was "lawfully converted" to Tradebay LLC, a Nevada limited liability company. (Opp'n at 13.) The complaint is devoid of any allegation referencing the conversion and Tradebay fails to explain how eBay was supposed to have gleaned the fact of this transaction from the pleadings. If Tradebay LLC, the plaintiff here, is now the owner of the trademark application referenced in the complaint, it should have alleged as much.

[5] Tradebay even concedes that it is not affiliated with the entity that maintained the Web site and domain name "trade-bay.net" as eBay erroneously assumed in a letter sent after Tradebay filed its intent to use application. (Opp'n at 4, n.1.)

1 where Tradebay has not alleged facts showing that it has taken any concrete steps toward using the
2 mark.

3 **III.     TRADEBAY'S COMPLAINT SHOULD BE DISMISSED**

4 Tradebay argues that the pleading standards set forth by the Supreme Court in Twombly
5 and Iqbal are "immaterial" to the present motion because whether Tradebay has satisfied the "case
6 or controversy" requirement for declaratory relief is a matter of subject matter jurisdiction which
7 is governed by Rule 12(b)(1), not Rule 12(b)(6).  (Opp'n at 5.)  Tradebay's argument still makes
8 no sense.[6]  At the pleading stage, the question is "whether *the facts alleged*, under all the
9 circumstances, show that there is a substantial controversy, between parties having adverse legal
10 interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."
11 Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. at 273.   See also Warren v. Fox Family
12 Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) ("jurisdictional challenge under Rule
13 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence.");
14 Rhoades v. Avon Prods., Inc., 504 F.3d at 1160 (stating in connection with ruling on motion to
15 dismiss complaint for declaratory relief, "the questioned presented is whether [plaintiff's
16 complaint] is, on its face, sufficient to survive a motion to dismiss.").   Claims for declaratory
17 judgment are no different than any other claims.   Whether the complaint alleges sufficient facts to
18 state a claim for relief is examined in accordance with the standard articulated by the Supreme
19 Court in Twombly and Iqbal.   See, e.g., Forsythe v. United States, 2011 WL 1882385, at *8 (D.
20 Nev. May 17, 2011) (setting forth two-step analysis from Twombly and Iqbal and dismissing
21 plaintiffs' action for declaratory and injunctive relief "for failure to state a claim upon which relief
22 may be granted"); Sawyer v. Recontrust Co., N.A., 2011 WL 2619517, at *1, *3-4 (D. Or. May
23 27, 2011) (applying Twombly and Iqbal standards and holding plaintiff "has not alleged sufficient
24 facts to state a claim for declaratory relief because the allegations do not reveal any justiciable

---

[6] Nor does Tradebay's reliance on Rhoades for the procedural point that motions to dismiss for failure to satisfy the jurisdictional case or controversy requirement may be brought "only under 12(b)(1)" warrant dismissal of eBay's motion.   eBay's motion is expressly brought under both Rule 12(1) and Rule 12(b)(6).

1  controversy").  As set forth above, Tradebay's amended complaint fails to allege the necessary
2  facts to state a claim for declaratory relief under this standard.
3  Tradebay appears to invite the Court to consider evidence outside the pleadings in ruling
4  on eBay's motion.  (Opp'n at 5.)  "In such circumstances, no presumptive truthfulness attaches to
5  plaintiff's allegations." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).
6  Moreover, Tradebay bears the burden of proving that jurisdiction is proper.  McCauley v. Ford
7  Motor Co., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the
8  burden of proving the case is properly in federal court.").  Tradebay's invitation to go beyond the
9  pleadings does nothing to save the complaint.  As shown, Tradebay has not come forward with
10 any evidence of concrete steps to use the mark that would establish a justiciable controversy.
11 Having urged the Court to look beyond the pleadings and then failing to produce any such
12 evidence independently warrants dismissal of the complaint with prejudice.

### Conclusion

14 For the foregoing reasons, the Court should grant eBay's motion to dismiss Tradebay's
15 amended complaint with prejudice.
16 RESPECTFULLY SUBMITTED this 25th day of August, 2011.

By */s/ Scott B. Kidman*
SCOTT B. KIDMAN
BRIAN M. WHEELER
Admitted Pro Hac Vice
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

By */s/ Pat Lundvall*
PAT LUNDVALL
MEGAN STARICH
MCDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of McDonald Carano Wilson LLP and on the 25th day of August, 2011, I electronically filed the forgoing document with the Clerk of the Court using the ECF System, which will cause a copy of the foregoing to be delivered by the U.S. District Court CM/ECF to the following:

Corey M. Eschweiler
Adam D. Smith
Glen J. Lerner & Associates
4795 South Durango Drive
Las Vegas, NV 89147
*Attorneys for Tradebay, Inc.*

/s/ Arlene P. Hallmark
An employee of McDonald Carano Wilson LLP