SCOTT B. KIDMAN
*Admitted Pro Hac Vice*
BRIAN M. WHEELER
*Admitted Pro Hac Vice*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
scottkidman@quinnemanuel.com
brianwheeler@quinnemanuel.com

PAT LUNDVALL (#3761)
MEGAN STARICH (#11284)
MCDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
lundvall@mcdonaldcarano.com
mstarich@mcdonaldcarano.com

*Attorneys for Defendant eBay Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRADEBAY LLC, a Nevada limited liability company,<br><br>                                        Plaintiff,<br><br>vs.<br><br>EBAY INC., a Delaware corporation, et al.,<br><br>                                        Defendants. | CASE NO.   2:11-cv-00702-ECR-PAL<br><br>**DEFENDANT EBAY INC.'S MOTION TO STAY DISCOVERY PENDING DISPOSITION OF MOTION TO DISMISS** |

Defendant eBay Inc. moves this Court pursuant to the Court's inherent power to control discovery and Federal Rule of Civil Procedure 26(c)(1) for an order staying discovery pending resolution of eBay's motion to dismiss (Doc. No. 12) filed June 28, 2011.   Good cause exists to stay discovery.   The pending motion to dismiss raises the preliminary issue of subject matter jurisdiction, is meritorious, potentially dispositive of the entire case and can be decided without any discovery.   Further, this case is merely at the pleading stage; eBay has not yet filed an

1   answer and no counterclaims are pending.    Neither Tradebay or eBay has yet served any

2   discovery and there are no other parties as to whom discovery would proceed if eBay's request

3   for a stay is granted.    If discovery is permitted to proceed, eBay will be forced to bear the

4   burden and expense of time consuming and costly discovery before there has been a

5   determination as to whether this Court has subject matter jurisdiction to hear this matter.

6         This motion is based upon the following memorandum of points and authorities, the

7   pleadings and papers on file in this case, and such other matters as the Court may wish to

8   consider.

9         Pursuant to LR 26-7, the undersigned counsel certifies that, after personal consultation

10  and sincere effort to do so, the parties have been unable to resolve this matter without Court

11  intervention.

12

13  Date: September 30, 2011

14

15  By _/s/ Scott B. Kidman_____
         SCOTT B. KIDMAN
16       BRIAN M. WHEELER
         Admitted Pro Hac Vice
17       QUINN EMANUEL URQUHART & SULLIVAN, LLP
         865 S. Figueroa Street, 10th Floor
18       Los Angeles, CA 90017

19

20  By _/s/ Pat Lundvall_____
         PAT LUNDVALL
21       MEGAN STARICH
         MCDONALD CARANO WILSON LLP
22       2300 West Sahara Avenue, Suite 1000
         Las Vegas, NV 89102

23

24

25

26

27

28

MCDONALD·CARANO·WILSON
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • (702) 873-9966

00170.23502/4371446.2

DEFENDANT EBAY INC.'S MOTION TO STAY DISCOVERY

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Plaintiff Tradebay LLC has filed a complaint seeking a declaratory judgment that any use of the name "Tradebay" as a trademark in connection with an online marketplace for sellers and buyers of goods and services would not infringe or dilute the famous EBAY trademark. In response, eBay filed a motion to dismiss on the grounds that Tradebay has failed to establish the existence of an Article III case or controversy. In particular, Tradebay has failed to allege or otherwise come forward with any evidence that it has undertaken any concrete steps to actually use the TRADEBAY mark necessary to create a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Accordingly, the complaint should be dismissed for lack of subject matter jurisdiction.

Consistent with well-established case law in this district, the Court should stay discovery pending resolution of the preliminary issue of subject matter jurisdiction. eBay should not be forced to bear the burden of costly and time consuming discovery regarding issues of trademark infringement and dilution until the issue of whether this Court has jurisdiction to hear this matter has been resolved. Indeed, a stay of discovery pending disposition of this preliminary issue will prevent the wasting of time and effort of all concerned, and will make the most efficient use of judicial resources.

In addition to the need to resolve the preliminary issue of subject matter jurisdiction, all other relevant considerations weigh heavily in favor of a stay of discovery. The pending motion to dismiss will dispose of the entire case and no discovery is needed to decide the motion. Furthermore, this case is merely at the pleading stage; no answer has been filed and no counterclaims are pending. Discovery has not yet commenced and there are no other parties to this lawsuit.

These factors constitute a strong showing that discovery should be stayed pending disposition of eBay's motion to dismiss.

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • (702) 873-9966

McDONALD·CARANO·WILSON™

2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • (702) 873-9966

<u>**Argument**</u>

I.    <u>**THE COURT SHOULD STAY DISCOVERY PENDING RESOLUTION OF THE**</u>
<u>**PRELIMINARY ISSUE OF SUBJECT MATTER JURISDICTION**</u>

District courts have "wide discretion in controlling discovery." <u>Little v. City of Seattle</u>, 863 F.2d 681, 685 (9th Cir. 1988).[1]  "In exercising that discretion, a court may relieve a party of the burdens of discovery while a potentially dispositive motion is pending." <u>Kuzova v. U.S. Dep't of Homeland Sec.</u>, 2011 WL 3422777, at *1 (D. Nev. Aug. 3, 2011) (citing <u>Turner Broad. Sys., Inc. v. Tracinda Corp.</u>, 175 F.R.D. 554, 555-56 (D. Nev. 1997)).  <u>See also</u> <u>U.S. Philips Corp. v. Synergy Dynamics Int'l, LLC</u>, 2006 WL 3453225, at *3 (D. Nev. Nov. 28, 2006) ("The court has discretion to impose a stay of discovery pending the disposition of a dispositive motion.").

A stay of discovery is particularly appropriate where, as here, the pending motion to dismiss raises threshold issues that go the court's jurisdiction.   Thus, in <u>Twin City Fire Ins. Co. v. Employers Ins. of Wausau</u>, 124 F.R.D. 652 (D. Nev. 1989), the court stated:   "[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery.   Common examples of such situations, however, occur when ***jurisdiction, venue, or immunity are preliminary issues***." <u>Id.</u> at 653 (emphasis added) (citations omitted).  <u>See also</u> <u>Little v. City of Seattle</u>, 863 F.2d at 685 (upholding district court's stay of discovery until issue of immunity was decided and noting that "[t]he stay furthers the goal of efficiency for the court and litigants.").

Indeed, courts in this district frequently grant motions to stay discovery pending resolution of motions to dismiss that go the court's jurisdiction and other such preliminary issues.   <u>See</u> <u>Kuzova</u>, 2011 WL 3422777, at *2 (granting motion to stay discovery where defendant filed motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim and stating that such a stay in light of the pending "potentially dispositive motion and

---

[1]    Further, <u>Fed. R. Civ. P.</u> 26(c)(1) provides that "[t]he court may, for good cause shown, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including by forbidding or specifying the time and place for discovery.

DEFENDANT EBAY INC.'S MOTION TO STAY DISCOVERY

00170.23502/4371446.2

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • (702) 873-9966

1  threshold issues is appropriate as it will prevent the wasting of time and effort of all concerned,

2  and will make the most of efficient use of judicial resources."); <u>Izumi v. Cox Commc'ns Las</u>

3  <u>Vegas, Inc.</u>, 2011 WL 3875343, at *2 (D. Nev. Aug. 31, 2011) (granting motion to stay

4  discovery and stating "[w]hether a federal court has jurisdiction to hear a case is an important

5  preliminary issue that generally warrants a stay."); <u>Buckwalter v. Nev. Bd. of Med. Examiners</u>,

6  2011 WL 841391, at *3 (D. Nev. Mar. 7, 2011) (granting motion to stay discovery because "it

7  appears probable that the District Judge will grant Defendants' motion to dismiss on the basis of

8  absolute immunity and because the underlying disciplinary proceedings are not yet complete.").

9         eBay's pending motion to dismiss goes directly to the issue of subject matter jurisdiction.

10  A stay of discovery until this preliminary issue has been resolved will "prevent the wasting of

11  time and effort of all concerned, and will make the most efficient use of judicial resources."

12  <u>Kuzova</u>, 2011 WL 3422777, at *2.

## II.     EBAY'S MOTION TO DISMISS WILL DISPOSE OF THE ENTIRE CASE AND CAN BE DECIDED WITHOUT DISCOVERY

15         District courts have discretion to stay discovery even when the pending motion to

16  dismiss does not raise preliminary issues such as jurisdiction, venue or immunity.   In deciding

17  whether to grant a stay of discovery, courts often apply a two-prong test:   "First, the pending

18  motion must be potentially dispositive of the entire case, or at least dispositive on the issue at

19  which discovery is directed.   Second, the court must determine whether the pending, potentially

20  dispositive motion can be decided absent additional discovery."   <u>Trzaska v. Int'l Game Tech.</u>,

21  2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011).   <u>See also</u> <u>Harris v. Am. Gen. Fin. Servs.</u>

22  <u>LLC</u>, No. 10-01662, slip op. at 1 (D. Nev. Dec. 1, 2010) (citing two-part test and granting

23  motion to stay discovery pending disposition of motion to dismiss).

24         Both of these tests are satisfied here and further support a stay of discovery.   Plaintiff's

25  complaint purports to allege a single claim for declaratory judgment.   As set forth in eBay's

26  pending motion to dismiss, plaintiff has failed to allege or otherwise come forward with facts

27  establishing an actual case or controversy.   Its failure to do so is not only fatal to the complaint,

28

1  but also deprives the Court of subject matter jurisdiction.    Furthermore, no discovery is

2  necessary to decide the motion to dismiss.

3  **III.    OTHER CONSIDERATIONS WEIGH IN FAVOR OF STAYING DISCOVERY**

4         eBay will not reargue the entirety of its motion to dismiss here.    It has been suggested,

5  however, that in evaluating whether to grant a stay of discovery, the court must make a

6  preliminary assessment of the merits of the pending potentially dispositive motion.    Izumi,

7  2011 WL 3875343, at *1-2.    Any evaluation of the merits of eBay's pending motion to dismiss

8  also weighs in favor of granting a stay.

9         The Ninth Circuit has made clear that in order to satisfy the Article III case or

10  controversy requirement, a declaratory judgment plaintiff seeking a declaration of non-

11  infringement must have taken real steps to actually manufacture or use the patented article or

12  trademark in issue.    Thus, in Societe de Conditionnement en Aluminium v. Hunter Eng'n Co.,

13  655 F.2d 938, 944 (9th Cir. 1981), the Ninth Circuit stated:

14        In a case like the one before us, in which the plaintiff is engaged in the on-going

15        manufacture of the alleged patented item, the showing of a real and reasonable

16        apprehension beyond the manufacture of the item need not be substantial.    The

17        more acute case or controversy problem in the patent area arises **when the**

18        **plaintiff has not yet begun to manufacture, *or make preparations to***

19        ***manufacture*, the patented product. In that situation, *the plaintiff is asking***

20        ***the court to render an advisory opinion whether its product would be***

21        ***infringing* a valid patent if the plaintiff Hunter actually proceeds to the**

22        **manufacturing stage.**"

23  (Emphasis added.)

24         As set forth in eBay's briefs in support of its motion to dismiss, Tradebay has not alleged

25  or otherwise come forward with any evidence that it has undertaken any concrete steps to

26  actually use the TRADEBAY mark so as to create a "substantial controversy, between parties

27  having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

28  declaratory judgment."    MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).    In

McDONALD·CARANO·WILSON⸹
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • (702) 873-9966

1  short, Tradebay seeks an impermissible advisory opinion and its complaint should be dismissed

2  for lack of subject matter jurisdiction.

3        In addition, this case is only at the pleading stage; no answer has been filed and no

4  counterclaims are pending.   Neither Tradebay or eBay has yet propounded any discovery and

5  there are no other parties as to whom discovery would proceed if eBay's request for a stay is

6  granted.   All of these factors further support a stay of discovery so that eBay does not have to

7  bear the burden and expense of time consuming and costly discovery regarding issues of

8  trademark infringement and dilution pending disposition of eBay's motion to dismiss.   See U.S.

9  Philips Corp., 2006 WL 3453225, at *3 (identifying factors, "none of which is singly

10  dispositive," to guide the court's analysis including whether counterclaims and/or cross-claims

11  have been interposed, whether some or all of the defendants join in the request for a stay, and

12  the posture or stage of the litigation); Harris, No. 10-01662, slip op. at 1 (granting motion to stay

13  where "[d]iscovery has not commenced in this case, nor is discovery necessary to resolve the

14  pending Motion to Dismiss.").

15        Collectively, the above factors make out a strong showing as to why discovery should be

16  stayed pending disposition of eBay's motion to dismiss.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

**Conclusion**

2      For the reasons stated above, eBay respectfully requests that the Court enter an order

3   staying all discovery obligations pending disposition of eBay's motion to dismiss.

4

5      RESPECTFULLY SUBMITTED this 30th day of September, 2011.

6

7      By */s/ Scott B. Kidman*

8         SCOTT B. KIDMAN
          BRIAN M. WHEELER

9         Admitted Pro Hac Vice

10        QUINN EMANUEL URQUHART & SULLIVAN, LLP
          865 S. Figueroa Street, 10th Floor

11        Los Angeles, CA 90017

12

       By */s/ Pat Lundvall*

13        PAT LUNDVALL
          MEGAN STARICH

14        MCDONALD CARANO WILSON LLP
          2300 West Sahara Avenue, Suite 1000

15        Las Vegas, NV 89102

16

17

18

19

20

21

22

23

24

25

26

27

28

MCDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • (702) 873-9966

00170.23502/4371446.2

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of McDonald Carano Wilson LLP and on this date I electronically filed the forgoing **DEFENDANT EBAY INC.'S MOTION TO STAY DISCOVERY PENDING DISPOSITION OF MOTION TO DISMISS** with the Clerk of the Court using the ECF System, which will automatically e-serve the same on the attorneys of record indicated below and on the generated Notice of Electronic Filing:

Corey M. Eschweiler
Adam D. Smith
4795 South Durango Drive
Las Vegas, NV 89147

Dated: September 30, 2011

/s/ Kathleen E. Ryd
An employee of McDonald Carano Wilson LLP

McDONALD·CARANO·WILSON
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • (702) 873-9966

00170.23502/4371446.2

DEFENDANT EBAY INC.'S MOTION TO STAY DISCOVERY