SCOTT B. KIDMAN
*Admitted Pro Hac Vice*
BRIAN M. WHEELER
*Admitted Pro Hac Vice*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
scottkidman@quinnemanuel.com
brianwheeler@quinnemanuel.com

PAT LUNDVALL (#3761)
MEGAN STARICH (#11284)
MCDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
lundvall@mcdonaldcarano.com
mstarich@mcdonaldcarano.com

*Attorneys for Defendant eBay Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRADEBAY LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>EBAY INC., a Delaware corporation, et al.,<br><br>Defendants. | CASE NO.  2:11-cv-00702-ECR-PAL<br><br>**DEFENDANT EBAY INC.'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING DISPOSITION OF MOTION TO DISMISS**<br><br>**EXPEDITED RESOLUTION REQUESTED**[1] |

---

[1]  eBay requests that the Court decide the motion to stay on an expedited basis.  eBay requested that Tradebay agree to a short, informal stay of discovery until the Court has the opportunity to rule on the motion to stay.  Tradebay refused, indicated that it intends to press forward with discovery in the interim and, indeed, has noticed a Rule 26(f) conference for October 20, 2011.  If eBay is required to incur the time and expense of discovery before the motion to stay is even decided, it will effectively be denied the very relief which it seeks.

**Preliminary Statement**

Like its opposition to eBay's underlying motion to dismiss, Tradebay's opposition to the present motion to stay discovery misstates the governing law.  While a pending motion to dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery, a well-recognized exception exists where, as here, the motion to dismiss raises preliminary issues such as jurisdiction, venue or immunity.  Tradebay completely—and disingenuously—ignores this well-recognized exception and all of the cases that have applied it in granting a stay of discovery pending disposition of a motion to dismiss that goes to the court's jurisdiction or other preliminary issues.  Based on this authority alone, the Court should stay discovery until eBay's pending motion to dismiss and the issue of the Court's jurisdiction to hear this matter has been resolved.

Tradebay also ignores other relevant factors considered by courts in deciding motions to stay discovery, all of which weigh heavily in favor of granting a stay here.  These include the fact that the pending motion to dismiss will dispose of the entire case and no discovery is needed to decide the motion; the case is merely at the pleading stage, no answer has been filed and no counterclaim is pending; discovery has not yet commenced and there are no other parties to this lawsuit.  Tradebay does not dispute any of this.  Nor does it articulate any prejudice that would flow from a brief stay until the preliminary issue of jurisdiction can be resolved.

Instead, Tradebay devotes the bulk of its opposition to re-hashing its opposition to eBay's underlying motion to dismiss.  eBay's motion to dismiss has been fully briefed.  As more fully described in eBay's briefing, Tradebay bases its opposition to that motion on misstatements of the law in an attempt to conceal that it has failed to allege facts or otherwise come forward with evidence necessary to establish an Article III case or controversy.  Repeating those misguided arguments here does not warrant denying a brief stay of discovery until the preliminary issue of jurisdiction has been resolved.

Finally, for the reasons stated above, eBay requests that the Court decide the motion to stay on an expedited basis.

**Argument**

**THE COURT SHOULD STAY DISCOVERY PENDING RESOLUTION OF EBAY'S MOTION TO DISMISS AND THE PRELIMINARY ISSUE OF JURISDICTION**

It is undisputed that eBay's pending motion to dismiss goes directly to the Court's jurisdiction to hear this matter. Yet nowhere in its opposition to the motion to stay discovery does Tradebay even acknowledge, let alone address, the following statement in Twin City Fire Ins. Co. v. Employers Ins. of Wausau, 124 F.R.D. 652 (D. Nev. 1989): "[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery. Common examples of such situations, however, occur when *jurisdiction, venue, or immunity are preliminary issues*." Id. at 653 (emphasis added) (citations omitted). Nor does Tradebay address any of the numerous cases cited by eBay in which courts have routinely granted stays of discovery pending disposition of motions that go to the court's jurisdiction and other preliminary issues. See, e.g., Kuzova v. U.S. Dep't of Homeland Sec., 2011 WL 3422777, at *2 (D. Nev. Aug. 3, 2011) (granting motion to stay discovery where defendant filed motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim and stating that such a stay in light of the pending "potentially dispositive motion and threshold issues is appropriate as it will prevent the wasting of time and effort of all concerned, and will make the most of efficient use of judicial resources."); Izumi v. Cox Commc'ns Las Vegas, Inc., 2011 WL 3875343, at *2 (D. Nev. Aug. 31, 2011) (granting motion to stay discovery and stating "[w]hether a federal court has jurisdiction to hear a case is an important preliminary issue that generally warrants a stay."); Buckwalter v. Nev. Bd. of Med. Examiners, 2011 WL 841391, at *3 (D. Nev. Mar. 7, 2011) (granting motion to stay discovery because "it appears probable that the District Judge will grant Defendants' motion to dismiss on the basis of absolute immunity and because the underlying disciplinary proceedings are not yet complete.").[2]

---

[2] Tradebay cites Twin City Fire and argues that eBay fails to show "extraordinary justification" for the relief it seeks. (Opp'n at 7.) But, as shown, Tradebay ignores the language from Twin City Fire quoted above and the authority that eBay has cited establishing that requests to stay

This authority is directly on point and counsels in favor of a stay of discovery here; Tradebay ignores it, perhaps hoping the Court will too.   Likewise, Tradebay ignores other relevant considerations set forth in eBay's motion, each of which weighs heavily in favor of a stay of discovery.   These include the fact that the pending motion to dismiss will dispose of the entire case and no discovery is needed to decide the motion; the case is merely at the pleading stage, no answer has been filed and no counterclaim is pending; discovery has not yet commenced and there are no other parties to this lawsuit.

Tradebay instead devotes most of its opposition to re-hashing its opposition to eBay's underlying motion to dismiss.   That motion has been fully briefed and eBay has addressed each of Tradebay's erroneous arguments in detail (see Docket Nos. 12 and 20).   eBay will not re-argue its motion to dismiss other than to again point out that Tradebay stakes its entire opposition to that motion on a misstatement of the law—that the Supreme Court, the Ninth Circuit and the Federal Circuit have all "rejected" any requirement that it take concrete steps to actually use its purported trademark in order to obtain a declaratory judgment of non-infringement.   In fact, as demonstrated in prior briefing, none of them have.   To the contrary, the Ninth Circuit has specifically stated (in the patent context) that "when the plaintiff has not yet begun to manufacture, or make preparations to manufacture, the patented product[,] . . . the plaintiff is asking the court to render an advisory opinion whether its product would be infringing a valid patent if the plaintiff . . . actually proceeds to the manufacturing stage." <u>Societe de Conditionnement en Aluminium v. Hunter Eng'n Co.</u>, 655 F.2d 938, 944 (9th Cir. 1981).   This principle—which Tradebay fails to address in any of its briefs—has been re-affirmed by the Federal Circuit in decisions since the Supreme Court's opinion in <u>MedImmune</u>, which makes clear that the relevant question in each case is whether the facts alleged, under all of the circumstances, show that there is a substantial controversy of "sufficient immediacy and reality" to warrant the issuance of a declaratory judgment.   Tradebay makes no attempt to show that it has alleged anything other than a vague and indefinite desire to use the TRADEBAY mark at some future date.   Indeed, Tradebay does

---

discovery are routinely granted when, as here, a motion to dismiss raises a preliminary issue regarding the court's jurisdiction.

not dispute that it has failed to allege, let alone come forward with any evidence of, concrete steps to use the mark that would establish a justiciable controversy.[3]  In short, there is every reason to believe that eBay's motion to dismiss will be granted in due course.

Tradebay's reliance on <u>Clemons v. Hayes</u>, 2011 U.S. Dist. LEXIS 56739 (D. Nev. May 26, 2011), misses the mark.  Unlike this case, <u>Clemons</u> did not involve a motion to dismiss based a preliminary issue such as jurisdiction, venue or immunity.  For that reason alone it has no application here.  In any event, the court actually granted the motion to stay discovery pending disposition of the motion to dismiss, stating not that there was "no question" the motion would be granted but rather that it was "likely" that one claim would be dismissed based on the lack of a right of action, "unlikely" that another claim would "survive the pending motion to dismiss" based on an inadequacy of the allegations, and that there was "little question" that yet another claim would be dismissed based on a procedural deficiency.  <u>Clemons</u>, 2011 U.S. Dist. LEXIS 56739, at *7-12.  In short, Clemons provides no support for denying a stay of discovery here.

Tradebay has failed to articulate any prejudice from a short stay of discovery pending resolution of whether this Court even has jurisdiction to hear this matter.  On the other hand, a stay of discovery pending disposition of this preliminary issue will "prevent the wasting of time and effort of all concerned, and will make the most efficient use of judicial resources."  <u>Kuzova</u>, 2011 WL 3422777, at *2.

### Conclusion

For the foregoing reasons, eBay respectfully requests that the Court enter an order staying discovery pending disposition of eBay's motion to dismiss and the preliminary issue of whether the Court has jurisdiction to hear this matter.

---

[3] Instead, Tradebay focuses on the wrong issue, stating that "eBay takes the position that Tradebay has failed to present a live case or controversy because eBay had not made an actual threat of litigation." (Opp'n at 6.) Even a cursory review of the motion to dismiss briefing shows that is not the basis for eBay's motion and ignores the real issue—whether Tradebay has taken concrete steps to use the mark in issue.  It clearly has not.

1   RESPECTFULLY SUBMITTED this 19th day of October, 2011.

By */s/ Scott B. Kidman*
SCOTT B. KIDMAN
BRIAN M. WHEELER
Admitted Pro Hac Vice
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

By */s/ Pat Lundvall*
PAT LUNDVALL
MEGAN STARICH
MCDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102